ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
MAY 0 1 2007 1013am
Stephan Harris, Clerk
Casper

Gary B. Ferguson (5-2393)
822 Main
Evanston, WY 82931
Telephone: (307) 789-9370

GARY B. FERGUSON (1062)
SIEGFRIED & JENSEN
5664 South Green Street
Salt Lake City, UT 84123
801-266-0999
fax: 801-266-1338

Attorney for PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING**

| | |
|---|---|
| **SCOTT ALLEN PONCIROLI,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**EXCEL TRANSPORTATION, INC., PAVIL PILIPCHUCK, ANDRES MARTINEZ, JAMES DORRIS, DOUGLAS SHARP, MARE INC., FRED GROVE, CR ENGLAND, BRIAN MOONEY, TANTARA TRANSPORT, A&J EQUIPMENT CO., JOSHUA CALHOUN, MARA TRANSPORT, JOHN WEBB, and PEMBERTON TRUCKING.**<br><br>**Defendants.** | **COMPLAINT AND JURY DEMAND**<br><br>**Case No.** 07 C V 0 9 1 B<br><br>**Receipt #** CASOOO105<br>**Summons:** 5 **issued**<br>____ **not issued** |

**COMPLAINT**

Plaintiff, SCOTT ALLEN PONCIROLI, by and through his counsel of record, Gary B. Ferguson, alleges and complains against Defendants as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because each defendant has certain minimum contacts with the State of Wyoming such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

2. Venue in the United States District Court for the District of Wyoming is proper pursuant to 28 U.S.C. 1391(a)(2) because the collision giving rise to plaintiff's claims and causes of action occurred in this judicial district and because all defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of this action.

## PARTIES

3. Plaintiff Scott Allen Ponciroli, at all times pertinent, was a resident of Salt Lake City, Utah.

4. Defendant Excel Transportation, Inc., upon information and belief, is a California Corporation with a principal place of business at Sacramento, California. Defendant Excel is the employer of Defendant Pilipchuck and is thus liable for the actions of Pilipchuck under the doctrine of respondeat superior.

5. Defendant Pavil Pilipchuck, upon information and belief, is a resident of Antelope, California, and was working under the scope and course of his employment with Excel Transportation, Inc. at the time of the incident, subject to this litigation.

6. Defendant Andres Martinez, upon information and belief, is a resident of Caldwell, Idaho, and was driving a vehicle owned by Defendant James Dorris at the time of the incident, subject to this litigation.

7. Defendant James Dorris, upon information and belief, is a resident of Caldwell, Idaho, and is the registered owner of the 1995 Jeep Cherokee driven by Defendant Martinez at the time of the incident, subject to this litigation.

8. Defendant Douglas Sharp, upon information and belief, is a resident of Albion, Nebraska, and was working under the scope and course of his employment with Mare Inc. at the time of the incident, subject to this litigation.

9. Defendant Mare Inc., upon information and belief, is a Nebraska Corporation with a principal place of business at Nebraska City, Nebraska. Defendant Mare Inc. is the employer of Defendant Sharp and is thus liable for the actions of Sharp under the doctrine of respondeat superior.

10. Defendant Fred Grove, upon information and belief, is a resident of Little Elm, Texas, and was working under the scope and course of his employment with CR England at the time of the incident subject to this litigation.

11. Defendant CR England, upon information and belief, is a Utah Corporation with a principal place of business in Salt Lake City, Utah. Defendant CR England is/was the employer of Defendant Grove at the time of the incident subject to this litigation, and is thus liable for the actions of Defendant Grove under the doctrine of respondeat superior.

12. Defendant Brian Mooney, upon information and belief, is a resident of Pickney, Missouri, and was working under the scope and course of his employment with A&J Equipment Co. and/or Tantara Transportation at the time of the incident subject to this litigation.

13. Defendant A&J Equipment Company, upon information and belief, is a Michigan Corporation with a principal place of business in Canton, Michigan. Defendant A&J Equipment Company is/was the employer of Defendant Mooney at the time of the incident subject to this litigation, and is thus liable for the actions of Defendant Mooney under the doctrine of respondeat superior.

14. Defendant Tantara Transportation, upon information and belief, is a Michigan Corporation with a principal place of business in Canton, Michigan. Defendant Tantara Transportation is/was the employer of Defendant Mooney at the time of the incident subject to this litigation, and is thus liable for the actions of Defendant Mooney under the doctrine of respondeat superior.

15. Defendant Joshua Calhoun, upon information and belief, is a resident of Schroon Lake, New York.

16. Defendant Mara Transport, upon information and belief, is an Iowa Corporation, with a principal place of business in Union, Iowa. Defendant Mara Transport was the employer of driver Carroll Eugene Fetters(deceased) at the time of the incident subject to this litigation, and is therefore liable for the actions of Mr. Fetters (deceased) under the doctrine of respondeat superior.

17. Defendant John Raymond Webb, upon information and belief, is a resident of Maryville, Tennessee, and was working under the scope and course of his employment with Pemberton Trucking at the time of the incident subject to this litigation.

18. Defendant Pemberton Trucking, upon information and belief, is a Tennessee Corporation, with a principal place of business in Knoxville, Tennessee. Defendant Pemberton Trucking is/was the employer of Defendant Webb at the time of the incident subject to this litigation, and is therefore liable for the actions of Mr. Webb under the doctrine of respondeat superior.

## FACTUAL ALLEGATIONS

19. All events that are the basis of this lawsuit occurred in Uinta County, Wyoming. On or about March 28, 2004, plaintiff and all defendants were operating motor vehicles on Highway I-80 near Mile Post 272 when they were involved in a chain reaction motor vehicle crash.

20. Plaintiff and all defendants were traveling westbound on Interstate I-80 on Sunday March 28, 2004. The driving conditions were slick pavement and blowing snow.

21. At approximately 9 A.M., Defendant Martinez lost control of his red Jeep and begin to spin out of control.

22. Defendant Calhoun in a green Subaru attempted to slow but was struck by Defendant Mooney in a white Peterbilt semi-truck.

23. Defendant Mooney's Peterbilt jack-knifed.

24. Defendant Mooney's trailer was bisected by Defendant Groves' red Freightliner and the rear half of Mooney's trailer was carried forward by Grove's tractor.

25. The remaining portion of Defendant Mooney's tractor trailer, jack-knifed and went off the west shoulder of I-80.

26. Plaintiff Ponciroli's blue Freightliner could not pass the disabled Grove tractor which had come to rest straddling the center dividing lines.

27. Ponciroli was able to control his vehicle coming to a safe stop on the left shoulder of the freeway without colliding with any of the other involved vehicles.

28. Following Plaintiff's safe stop, his vehicle was rear-ended by Defendant Pilipchuck's blue Freightliner.

29. Following the Pilipchuck collision with Plaintiff, Defendant Fetter's and Webb's vehicles collided with the disabled vehicles.

30. As a result of these collisions, Plaintiff suffered serious physical injury, lost wages in excess of $150,000, past and future medical expenses, including in excess of $50,000 in medical expenses incurred to date, pain and suffering.

## FIRST CAUSE OF ACTION

### Negligence

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Excel Transportation, Inc. was negligent in that they are the employer of Defendant Pilipchuck and is thus liable for the actions of Pilipchuck under the doctrine of respondeat superior.

33. Pavil Pilipchuck was negligent in that he was driving too fast for the road conditions and he was following too close.

34. Andres Martinez was negligent in that he was driving too fast for the road conditions and he was following too close.

35. James Dorris was negligent in that Andres Martinez was a permissive driver of his vehicle, and that permissive driver was negligent in driving too fast for the road conditions and was following too close.

36. Douglas Sharp was negligent in that he was driving too fast for the road conditions and he was following too close.

37. Mare Inc. Was negligent in that they are the employer of Defendant Sharp and are thus liable for the actions of Sharp under the doctrine of respondeat superior.

38. Fred Grove was negligent in that he was driving too fast for the road conditions and he was following too close.

39. CR England was negligent in that they are the employer of Defendant Grove and are thus liable for the actions of Grove under the doctrine of respondeat superior.

40. Brian Mooney was negligent in that he was driving too fast for the road conditions and he was following too close.

41. Tantara Transporation was negligent in that they are the employer of Defendant Mooney and are thus liable for the actions of Mooney under the doctrine of respondeat superior.

42. A&J Equipment Co. was negligent in that they are the employer of Defendant

Mooney and are thus liable for the actions of Mooney under the doctrine of respondeat superior.

43. Joshua Calhoun was negligent in that he was driving too fast for the road conditions and he was following too close.

44. Mara Transport was negligent in that they were the employer of Carroll Fetters (deceased) who was negligent in that he was driving too fast for the road conditions and he was following too close. Mara Transport is thus liable for the actions of Mr. Fetters under the doctrine of respondeat superior.

45. John Webb was negligent in that he was driving too fast for the road conditions and he was following too close.

46. Pemberton Trucking was negligent in that they are the employer of Defendant Webb and are thus liable for the actions of Webb under the doctrine of respondeat superior.

47. Each defendant's negligence breached a duty of due care to the Plaintiff.

48. As a result of this breach of duty, Plaintiff suffered the injuries complained of in paragraph 30 above.

**SECOND CAUSE OF ACTION**

**Respondeat Superior**

49. Plaintiff incorporates by reference paragraphs 1 through 48.

50. Excel Transportation as the employer of Defendant Pilipchuck, is responsible for the negligence of its employee.

51. As a result of Defendant Pilipchuck's negligence, Excel Trucking is responsible for the damages alleged in paragraph 30 above.

52. Mare Inc. as the employer of Defendant Sharp, is responsible for the negligence of it's employee.

53. As a result of Defendant Sharps' negligence, Mare Inc. is responsible for the damages alleged in paragraph 30 above.

54. CR England as the employer of Defendant Grove, is responsible for the negligence of its employee.

55. As a result of Defendant Grove's negligence, CR England is responsible for the damages alleged in paragraph 30 above.

56. Tantara Transporation as the employer of Defendant Mooney, is responsible for the negligence of its employee.

57. As a result of Defendant Mooney's negligence, Tantara Transportation is responsible for the damages alleged in paragraph 30 above.

58. A&J Equipment Co. as the employer of Defendant Mooney, is responsible for the negligence of its employee.

59. As a result of Defendant Mooney's negligence, A&J Equipment Co. Is responsible for the damages alleged in paragraph 30 above.

60. Mara Transport as the employer of Carroll Eugene Fetters (deceased), is responsible for the negligence of its employee.

61. As a result of the negligence of Carroll Eugene Fetters (deceased), Mara Transport

is responsible for the damages alleged in paragraph 30 above.

62. Pemberton Trucking as the employer of Defendant Webb, is responsible for the negligence of its employee.

63. As a result of the negligence of Defendant Webb, Pemberton Trucking is responsible for the damages alleged in paragraph 30 above.

## THIRD CAUSE OF ACTION

### Negligence Per Se

64. Plaintiff incorporates by reference paragraphs 1 through 63.

65. Defendant Drivers were cited for traveling too fast for the conditions, failing to maintain a proper lookout and following too close. All of these actions are violations of Wyoming law and traffic regulations.

66. As a result of these violations, Defendant Drivers breached a duty of due care owed to Plaintiff.

67. As a result of this breach of duty, Plaintiff suffered the damages alleged above.

## FOURTH CAUSE OF ACTION

### Negligent Entrustment

68. Plaintiff incorporates by reference paragraphs 1 through 66.

69. On information and belief, Plaintiff alleges James Dorris negligently entrusted a 1995 Jeep Cherokee to Defendant Andres Martinez.

70. As a result of this breach of duty, Plaintiff suffered damages alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that he recover from the Defendants, jointly and severally his past and future medical expenses, lost wages, general damages including lost earning capacity and pain and suffering, together with prejudgment interests and costs as allowed by rule and statute.

**JURY DEMAND**

Plaintiff hereby demands and has tendered the requisite fee for a trial by six (6) jurors.

DATED this 30th day of April, 2007.

Gary B. Ferguson
Attorney for Plaintiff